THE DISTRICT OF COLUMBIA v. DEMPSEY.

THE CHESAPEAKE AND POTOMAC TELEPHONE COMPANY

*v.*

SAME.

STREETS AND HIGHWAYS; NEGLIGENCE; INDEPENDENT CAUSE.

1. Where a telephone wire which has become broken during a storm is negligently allowed to remain for four months suspended from a tree overhanging a street, and the municipality has both actual and constructive notice of the obstruction, both the telephone company owning the wire and the municipality are liable for an injury occasioned thereby to a person using the street.

2. And the act of a third person a few minutes before such an accident in fastening the wire thus left overhanging the street, to an adjacent tree so as to form a loop in which the plaintiff was caught and injured, is not an independent sufficient cause

which will preclude a recovery by the plaintiff from the municipality and the telephone company, but is at most the addition of a further concurrent cause.

Nos. 841 and 842. Submitted November 4, 1898. Decided December 9, 1898.

HEARING on separate appeals by two defendants from a judgment on verdict in an action to recover damages for alleged personal injuries.  *Affirmed.*

The COURT in its opinion stated the case as follows:

On the morning of September 25, 1896, between five and six o'clock, William H. Dempsey, jr., a young man of the age of twenty-four years, was riding a bicycle going westward, along K street northwest, in the city of Washington, just west of the intersection of K and Sixteenth streets, when he was caught by a telephone wire belonging to the Chesapeake and Potomac Telephone Company, one of the appellants, which was hanging at the time in the shape of a loop attached to an adjacent tree, and he was thereby thrown to the ground and somewhat severely injured.   He instituted suit jointly against the Telephone Company and the District of Columbia for their negligence in permitting the street to be thus obstructed, and recovered a verdict and judgment against each and both for the sum of three thousand dollars; and from the judgment the two defendants have appealed to this court.

*Mr. S. T. Thomas*, Attorney for the District of Columbia, and *Mr. A. B. Duvall*, Assistant Attorney, for the appellant, the District of Columbia:

1. A municipal corporation can not be charged with negligence unless sufficient time has elapsed and the authorities have had notice of the defect a sufficient time for them to repair it; or, after they ought, by reasonable diligence, to have acquired knowledge of the defect.   When the defect in the street, as in this case, is occasioned by a third party, notice of its existence is absolutely essential, in order to render the

city liable.   *Hume* v. *N. Y.*, 47 N. Y. 639 ; *Johnson* v. *Milwaukee*, 46 Wis. 568; *Fort Wayne* v. *De Witt*, 47 Ind. 396; *Huntington* v. *Breen*, 77 Ind. 29.

Furthermore, there was a variance between the proof and the declaration.   The averment was negligence in permitting a wire *loop* to hang in the roadway of K street.   Liability for injury caused by this loop could only be predicated on knowledge of it, express or implied, by the municipal authorities.   Proof that the *loop* was made by a small boy *ten or fifteen minutes* before the accident was not sufficient to constitute constructive notice.   The proof must conform to the specific negligence set up in the declaration. *Arrick* v. *Frey*, 8 App. D. C. 125.

2. No case can be found in the books in which notice has been imputed to a municipality of a condition which rendered it liable, which existed for ten or fifteen minutes prior to the injury, where the dangerous condition has been the act of a third party, as in this case.   It is clear that the proximate cause of the injury in this case was the act of the small boy, who made the loop ten or fifteen minutes before the injury happened.   He was the efficient cause.   When one of several successive causes is sufficient to produce the effect the law will never regard an antecedent cause of that cause, or the *causa causans*.   Casual or unexpected causes are remote.   *Insurance Co.* v. *Transportation Co.*, 12 Wall. 199; *Scheffer* v. *Railroad Co.*, 105 U. S. 249; *Railroad Co.* v. *Kellogg*, 94 U. S. 475; *Insurance Co.* v. *Tweed*, 7 Wall. 52; 16 Am. & Eng. Encyc. L., 429 *et seq.*; *Railroad Co.* v. *Trich*, 117 Pa. St. 390.   A probable consequence is one that is more likely to follow its supposed cause than it is to fail to follow. The natural consequence of an act is the consequence which ordinarily follows from it—the result which may reasonably be anticipated from it.   *Railroad* v. *Elliott*, 12 U. S. App. 381; *Lewis* v. *Railroad*, 54 Mich. 61; *Pike* v. *Railroad*, 39 F. R. 255 ; *Scheffer* v. *Railroad Co.*, 105 U. S. 249.

*Mr. Enoch Totten* and *Mr. J. S. Flannery* for the appellant, the Telephone Company:

1. The plaintiff wholly failed to prove that the wire which caused his injury belonged to the defendant, the Chesapeake and Potomac Telephone Company.

2. Even if it had been shown that it was the wire of the defendant Telephone Company, said company could not be held responsible in this action because the accident was the direct result of the wrongful act and interference of an outsider over whom it had no control.

*Mr. Richard R. Beall* and *Mr. Andrew A. Lipscomb* for the appellee:

1. An intervening act of an independent and voluntary agent does not arrest causation, nor relieve the person doing the first wrong from the consequences of his wrong, if such intervening act was one which would ordinarily be expected to flow from the act of the first wrongdoer. 2 Thompson on Neg., 1080. What would be more naturally and reasonably expected of a passer-by, when his passage over a public highway was obstructed by a dangerous No. 14 steel wire, than to simply throw it out of his way? He was not under any liability to put it carefully out of his way, whatever his intentions may have been. It was a dangerous thing to be in the street, and it was wrongfully there, through the negligence of the two defendants. Upon this point the following cases are clear and conclusive: *Lynch* v. *Nurden,* 1 A. & E. (N. S.), 29; *Powell* v. *Deveney,* 3 Cush. 300; *Griggs* v. *Fleckenstein,* 19 Ga. 81; *Snelling* v. *McDonald,* 14 Allen (Mass.), 292; *Burrows* v. *March Gas Co.,* L. R. 5 Exch. 67: 7 Exch. 96 (1872).

2. The defendant, the District of Columbia, is chargeable, first, with actual notice of the existence of this wire at the point of accident, long enough to have removed the same, and, secondly, with constructive notice. *Dist. of Col.* v. *Boswell,*

6 App. D. C. 402; *Dist. of Col.* v. *Bolling,* 4 App. D. C. 397; *Dist. of Col.* v. *Woodbury,* 136 U. S. 463.

Mr. Justice MORRIS delivered the opinion of the Court:

At the trial there were some exceptions reserved by the defendants to the admission of certain testimony on behalf of the plaintiff; but these exceptions are now abandoned, and the rulings of the court thereon are not assigned as error. One instruction was asked to be given to the jury on behalf of the plaintiff, which was given without objection; and several instructions requested on behalf of the District of Columbia, which severed from the Telephone Company in its defense, were also given; as were likewise several instructions given by the court of its own motion.

The Telephone Company and the District severally requested a peremptory instruction to the jury upon all the evidence to return a verdict for the defendants, which was refused by the court; and it is upon this refusal that the two appellants base their principal, and the Telephone Company its only assignment of error in the case. There are two other assignments of error on behalf of the District of Columbia, in respect of instructions given and refused, which will be noticed in their place.

1. It will be proper to consider the case first with regard to the appeal of the District of Columbia.

Two several assignments of error are based upon the re-refusal of the trial court to instruct the jury to return a verdict for the District of Columbia. It was unnecessary to multiply these assignments of error, or the instructions upon which they are based; one would have sufficed. It makes no difference that one request was put in the shape of a motion, and the other in the shape of an instruction. The two assignments will therefore be considered as one. But when taken by themselves it is very clear to us that they are wholly untenable. It would serve no useful purpose, either for the present case or for any other, to analyze the

testimony bearing upon the alleged negligence of the offi-
cers and agents of the District of Columbia in the premises.
It will suffice here to say, that there was ample evidence for
the jury on that point.    But the position of the appellant
seems to be, not that there was no sufficient evidence of
negligence to go to the jury, but that the evidence served to
show that the accident which caused the plaintiff's injuries,
was immediately due to the improvident act of some third
person, of which the District of Columbia had no sufficient
notice.    And so, the motion to take the case from the jury
derives its vitality, if any it has, from its connection with
the matters that constitute the basis for the other assign-
ments of error.

It appears in evidence that a severe storm had occurred
about the end of May, 1896—four months before the occur-
rence of the accident in this case—which broke many limbs
of trees in the neighborhood, and prostrated some of the wires
strung across K street from one pole to another of the Tele-
phone Company, and that these wires, prostrated and bro-
ken, became entangled in the trees on both sides of the
street and hung over the thoroughfare in a condition dan-
gerous to those who had occasion to use it.    It does not
appear that any attempt was made by anyone to remove
the obstruction during the four months intervening between
the time of the storm and the time of the accident, although
the officer of the police force on duty in that neighborhood
twice reported the matter to police headquarters as a dan-
gerous obstruction which required immediate attention; and
the obstruction to some extent seems to have remained at
the time of the institution of this suit and up to the time
of trial.    On the day of the accident to the plaintiff, and
about a quarter of an hour before the occurrence, according
the testimony on cross-examination of a witness called on
behalf of the plaintiff, a small colored boy, who apparently
had been hindered in his passage by the hanging wire, and
who had dismounted from a bicycle, was seen tying the end

of the wire to a tree and thereby forming a loop extending over the street. It was in this loop that the plaintiff was caught, although the colored boy no doubt thought that he was removing the wire out of the range of harm. But it is very evident that the wire was in a dangerous position before the boy attempted to draw it closer to the tree, and that he could not have so drawn it unless it had previously hung down in a dangerous position.

Upon this testimony it was sought to exonerate the District of Columbia from liability; and an instruction was asked on its behalf, the refusal of which by the trial court is made the basis of the third assignment of error. This instruction was in the following words:

"Even if the jury believe from the evidence that the plaintiff's injuries were the natural and probable consequence of the defendants' negligence, still the verdict must be for the defendants if the jury believe from the evidence that there was a sufficient and independent cause operating between the defendants' negligence and the plaintiff's injury—that is to say, if the jury believe from the evidence that the wire mentioned in the evidence was hanging perpendicularly from a tree overhanging the street, and said wire was, about fifteen minutes prior to the accident, taken up by a small boy and tied to the tree, forming a loop against which the plaintiff ran and injured himself."

This instruction was properly refused by the trial court. In it the court was requested to tell the jury, that although there was negligence on the part of the defendants, and the overhanging wire was in itself a dangerous thing sufficient to have caused the plaintiff's injuries without the intervention of any third person, yet if a third person did actually intervene and gave to the ever dangerous thing a special form and shape, then the plaintiff was not entitled to recover. This is not in accordance with reason; and it is not law. Such a condition is not the interposition of an independent sufficient cause, but the addition at most of a fur-

ther or concurrent cause. As well might the District seek to exonerate itself from liability, if, after having dug a trench in the street, it should leave it without any protection whatever to warn passers-by of danger, and some thoughtless or perhaps even reckless person should throw a flimsy covering of canvas over it to hide the danger. The law applicable to an independent sufficient cause has no place here.

. Another assignment of error on behalf of the District is based upon an instruction given by the trial court of its own motion with reference to the matter of notice. As this instruction refers to one previously given to cover the liability of the Telephone Company, it seems to be proper to cite both. They are in the following terms:

"2. But if you find from the evidence that the wire which injured the plaintiff was the wire of the defendant, The Chesapeake and Potomac Telephone Company, and that its position and condition, as you may find them to have been from the evidence prior to the accident to the plaintiff, were such that it was dangerous to travelers on the street or was liable to become so suddenly, at any time, by its own weight or by the operation of the elements, or both, and that the accident which happened to the plaintiff was such as was naturally and reasonably to be anticipated from the position and condition of the wire prior to the time that the colored boy looped it up, then the plaintiff is entitled to recover against the defendant, The Chesapeake and Potomac Telephone Company.

"3. If you shall find the facts as recited in instruction numbered two, just read to you, and shall also find from the evidence that the defendant, the District of Columbia, had notice or knowledge of such dangerous condition for a period long enough prior to the accident to have enabled it to have had the wire removed in the use of ordinary diligence prior to the accident, then you will find against the District of Columbia."

Exception was taken by the District to this instruction;

and argument is made that the period of fifteen minutes which elapsed between the act of the colored boy and the occurence of the accident, was not sufficient to give the District the requisite notice. But this argument proceeds upon the assumption, wholly unfounded, that the act of the colored boy was the sole and exclusive cause of the accident, and that there was no dangerous condition prior to his intervention. The testimony is ample to the effect that the dangerous condition had existed for four months, and that the District had not only constructive notice from that long lapse of time, but that it had actual notice on two several occasions by reports from the policeman in that precinct. The inaction of the proper officials of the District charged with the immediate duty of inspection and of removal of the obstruction, constituted such gross negligence and such gross disregard of the rights of the public, as well the rights of the public who had occasion to use this highway, as the rights of the still more numerous public who are called upon as taxpayers to answer for their carelessness, that it is difficult to be understood. We think that the instructions given by the court stated the law correctly as applicable to the circumstances of this case.

2. With reference to the appeal of the Telephone Company, that stands exclusively upon the refusal of the trial court to take the case from the jury and peremptorily to direct a verdict in its favor. Two points are made under the assignment of error: (1) That the plaintiff wholly failed to prove that the wire which caused his injury belonged to the defendant, the Chesapeake and Potomac Telephone Company; (2) That, even if it had been shown that it was the wire of the defendant Telephone Company, said company could not be held responsible in this action, because the accident was the direct result of the wrongful act and interference of an outsider over whom it had no control. But neither position is well taken.

We have already disposed of the pretense that either of these defendants can be exonerated from liability by reason

of the act of the colored boy who intervened in the matter. And with reference to the question of the ownership of the wire which caused the injury, there was ample proof to go to the jury to show that it was the property of the Telephone Company and that the Telephone Company was directly responsible for the accident. The position of the Telephone Company in the matter would seem to be that it was under no liability to remove its broken wires after they had been prostrated or broken from its poles. But telephone and telegraph companies, and other companies and individuals, who receive a franchise to erect their poles in the streets of a city and to string their wires over those streets, must be held responsible to private persons who are injured by the abuse of that franchise; and it is an abuse of it to permit their poles and wires to become a source of danger. So long as they do not comply with the demands of the enlightened public sentiment that dictates their putting their wires underground, they must be held to the ordinary and natural results of their maintenance of them above the streets and highways of the city. Among such ordinary and natural results is the liability of the poles and wires to prostration and dismemberment by storms and high winds. It is not competent for such companies, when their poles or wires are thus prostrated, to permit the debris to remain an incumbrance upon the streets, and an obstruction to travel, as was evidently done in the instance now before us. Such an abandonment savors of criminal recklessness, for which an indictment at the suit of the public might properly lie.

We are of opinion that the rulings of the trial court in the premises were right and proper, and that the case was fairly submitted to the jury for its determination. It follows, therefore, that the judgment appealed from must be *affirmed, with costs as against the Chesapeake and Potomac Telephone Company.*          *And it is so ordered.*